IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| :--- | :--- | :--- |
| | : | No. 1:01-cr-0182 |
| | : | No. 1:01-cr-0152 |
| v. | : | No. 1:00-cr-0350 |
| | : | No. 1:00-cr-0198 |
| | : | |
| DAVID ARTHUR LUCAS | : | (Judge Kane) |
| | : | |

**MEMORANDUM**

Before the Court is Petitioner David Arthur Lucas ("Petitioner" or "Lucas")'s Motion to Vacate pursuant to 28 U.S.C. § 2255 in the above-captioned cases. (Doc. No. 25.)[1] For the reasons that follow, the Court will deny the motion.

**I.  BACKGROUND**

On July 13, 2000, a one-count Indictment was filed under docket number 1:00-cr-0198 charging Petitioner with bank robbery in violation of 18 U.S.C. § 2113(a). On October 11, 2000, a one-count Indictment was filed in the Western District of Pennsylvania charging Petitioner with armed bank robbery in violation of 18 U.S.C. § 2113(d). That case was transferred to the Middle District of Pennsylvania pursuant to Rule 20 of the Federal Rules of Criminal Procedure and assigned docket number 1:00-cr-0350. On April 26, 2001, a one-count Information was filed in the Middle District of Pennsylvania under docket number 1:01-cr-0152, charging Petitioner with one count of bank robbery in violation of 18 U.S.C. § 2113(a). On May 22, 2001, a three-count Indictment was filed in the Eastern District of Pennsylvania charging

---

[1] All of the above dockets contain the same filings with respect to Petitioner's Section 2255 motion. However, unless otherwise noted, the Court will refer to docket numbers for documents from 1:01-cr-0182 throughout this Memorandum, as that is the case containing the consecutive sentence for violation of 18 U.S.C. § 924(c) which Petitioner seeks to vacate by way of the instant motion.

Petitioner with two counts of armed bank robbery in violation of 18 U.S.C. § 2113(d) and one count of the use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c). That case was transferred to the Middle District of Pennsylvania pursuant to Rule 20 of the Federal Rules of Criminal Procedure and assigned docket number 1:01-cr-0182.

Petitioner pled guilty to all of the charged offenses on August 23, 2001 in accordance with a plea agreement. A Presentence Report ("PSR") determined that Petitioner's sentencing guidelines range was 292 to 365 months based on an offense level of 35 and a criminal history category of VI. (PSR ¶ 159.) Because he was convicted of violating 18 U.S.C. § 924(c), Petitioner faced a mandatory minimum term of 120 months' imprisonment to be served consecutively to his sentence on the other counts. (PSR ¶ 158.)

The Court sentenced Petitioner to 412 months' imprisonment on April 12, 2002. His sentence consisted of 292 months on counts one and three of docket number 1:01-cr-0182 and the sole count in 1:00-cr-0350 and 240 months on each count of 1:01-cr-0152 and 1:00-cr-0198, to be served concurrently. (Doc. No. 12.) His sentence also included 120 months' imprisonment on count 2 of 1:01-cr-0182 (the charge of violating 18 U.S.C. § 924(c)), to be served consecutively to the other counts. (Id.) Petitioner's sentence was affirmed by the United States Court of Appeals for the Third Circuit on direct appeal.

Petitioner filed the instant motion to vacate (Doc. No. 25) arguing that his consecutive 120 month sentence based on 18 U.S.C. § 924(c) violates due process and should be vacated, in reliance on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct.

2551 (2015),[2] which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") and its definition of a "violent felony" as unconstitutionally vague. Pursuant to Standing Order 15-6 of the United States District Court for the Middle District of Pennsylvania regarding Appointment of Counsel in Proceedings Related to the Application of Johnson v. United States, Attorney Melinda Ghilardi of the Federal Public Defender's Office was appointed to represent Lucas (Doc. No. 26), and Petitioner thereafter submitted a counseled supplemental motion to vacate (Doc. No. 27).

Subsequently, the Court granted the Government's unopposed motion to stay consideration of Petitioner's motion until the Third Circuit's issuance of decisions in two cases with the potential to impact Petitioner's arguments. (Doc. No. 32.) After the Third Circuit issued those decisions, the Court lifted the stay and directed the Government to respond to Petitioner's motion. (Doc. No. 34.) The Government filed its brief in opposition to Petitioner's motion (Doc. No. 63),[3] and Petitioner filed a brief in reply (Doc. No. 35). Petitioner subsequently filed a Motion to Stay Further Proceedings in the above-captioned cases pending the Supreme Court's decision on petitions for writ of certiorari filed in connection with the two Third Circuit cases. (Doc. No. 36.) The Court granted the motion. (Doc. No. 37.) On January 19, 2018, Petitioner filed a Notice indicating that the Supreme Court denied those petitions for certiorari. Petitioner's motion to vacate under 28 U.S.C. § 2255 is, therefore, ripe for decision.

---

[2] On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016).

[3] Because the Government's response was filed only in docket number 1:00-cr-0198, this docket entry number refers to that docket.

3

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a).

As noted above, Petitioner seeks to vacate his Section 924(c) conviction and consecutive mandatory minimum sentence based on Johnson. Pursuant to 18 U.S.C. § 924(c), an individual is subject to enhanced punishment if he or she uses, carries, or brandishes a firearm "during and in relation to any crime of violence." See 18 U.S.C. § 924(c)(1)(A)(ii). A crime of violence is defined within the statute as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." See 18 U.S.C. § 924(c)(3). Courts have generally referred to clause A of Section 924(c)(3) as the "elements clause" and clause B of Section 924(c)(3) as the "residual clause." See United States v. Galati, 844 F.3d 152, 154 (3d Cir. 2016), cert. denied, 138 S. Ct. 636 (2018); United States v. Robinson, 844 F.3d 137, 140-41 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017).

In Johnson, as noted above, the Supreme Court invalidated as unconstitutionally vague the residual clause of the ACCA, 18 U.S.C. § 924(e). The ACCA provides for a mandatory minimum sentence of 15 years' imprisonment for individuals convicted under 18 U.S.C. § 922(g) who possess three prior adult convictions for "violent felonies" or "serious drug

4

offenses." See 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as including three categories of offenses, the third of which, the residual clause, was at issue in Johnson. That clause refers to crimes that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." See id. The Supreme Court's decision in Johnson invalidating this clause as unconstitutionally vague gave rise to additional constitutional challenges to similar residual clauses. See Beckles v. United States, 137 S. Ct. 886 (2017) (rejecting a vagueness challenge to the residual clause of the United States Sentencing Guidelines' career offender definition); Sessions v. Dimaya, 139 S. Ct. 1204 (2018) (applying Johnson and finding unconstitutionally vague the residual clause of the federal criminal code's definition of crime of violence). Finally, this past term, the Supreme Court granted a petition for certiorari in United States v. Davis, 139 S. Ct. 782 (2019), specifically to consider the question presented by Petitioner in his motion – whether, under Johnson, the residual clause of Section 924(c) is unconstitutionally vague. On June 24, 2019, the Supreme Court issued its decision in Davis extending the holding of Johnson to Section 924(c)(3)(B) and finding its residual clause unconstitutionally vague.[4]

However, regardless of Davis's implications for Petitioner's challenge to Section

---

[4] The Supreme Court in Davis did not expressly state that its holding in the case applies retroactively to cases on collateral review. However, the Third Circuit has recently held that Section 2255 challenges based on Davis meet the gatekeeping requirements applicable to second or successive 2255 motions; specifically, that a petitioner makes a prima facie showing that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See In re Matthews, Nos. 16-2027, 16-2080, 16-2273, 16-2312, 16-2414, 16-2422, __ F.3d __ (3d Cir. Aug. 14, 2019); see also In re Hammond, No. 19012458-G, __ F.3d __ (11th Cir. July 23, 2019) (holding that Davis announced a new rule of constitutional law that is retroactively applicable to cases on collateral review).

5

924(c)(3)'s residual clause, Petitioner's challenge to his consecutive sentence imposed pursuant to Section 924(c) fails because his conviction for armed bank robbery constitutes a crime of violence under Section 924(c)(3)'s "elements clause." In United States v. Johnson, 899 F.3d 191 (3d Cir. 2018), the Third Circuit specifically held that bank robbery in violation of 18 U.S.C. § 2113(a) and (d) qualifies as a crime of violence for purposes of Section 924(c). See Johnson, 899 F.3d at 202-04.[5] In Johnson, the Third Circuit noted that the defendant was convicted for violation of Section 2113(d), which proscribes armed bank robbery, which is committed when in the course of committing bank robbery in violation of Section 2113(a), a defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." See id. at 203-04 (quoting 18 U.S.C. § 2113(d)). In response to defendant's argument that unarmed bank robbery under Section 2113(a) cannot qualify as a crime of violence, the Third Circuit held that its decision in United States v. Wilson, 880 F.3d 80 (3d Cir. 2018), which held that unarmed bank robbery under 18 U.S.C. § 2113(a) categorically qualifies as a "crime of violence" under the elements clause of the career offender Sentencing Guidelines, governed the question presented by the defendant's appeal. Accordingly, under the Third Circuit's recent decision in Johnson, both unarmed bank robbery (Section 2113(a)) and armed bank robbery (Section 2113(d)) constitute crimes of violence under the elements clause of Section 924(c)(3). Because Petitioner was convicted of armed bank robbery in violation of Section 2113(d), his conviction qualifies as a crime of violence under the elements clause of Section 924(c)(3), and

---

[5] At the time, having found that a conviction under either Section 2113(a) or 2113(d) qualifies as a crime of violence under the elements clause of Section 924(c)(3), the Third Circuit declined to address the defendant's constitutional challenge to the residual clause of Section 924(c)(3). See id. at 203.

he is, therefore, not entitled to relief.

## III. CERTIFICATE OF APPEALABILITY

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claim. A COA, therefore, will not issue in this case.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255 based on the Supreme Court's decision in Johnson, and, therefore, the Court will deny his Section 2255 motion. An Order consistent with this Memorandum follows.